# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

JAMES E. BLACKWELL,

      Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security Administration,

      Defendant.

Case No. 2:17-cv-00460-JVB-APR

## OPINION AND ORDER

Plaintiff James Earnest Blackwell seeks judicial review of the Social Security Commissioner's decision denying him disability benefits, and asks this Court to remand the case. For the reasons below, this Court remands the ALJ's decision.

### A. Overview of the Case

Plaintiff alleges that he became disabled on January 1, 2012. (R. at 581.) Plaintiff worked as a photographer prior to aggravated diverticulitis symptoms in 2012. (R. at 605.) Plaintiff was found to be not disabled after a hearing before an Administrative Law Judge ("ALJ") in 2014. (R. at 38.) Plaintiff appealed to the District Court. The District Court remanded the case, and the Appeals Council directed the ALJ to give further consideration to treating and nontreating medical source opinions, to reconsider Plaintiff's RFC, and to obtain supplemental evidence from a vocational expert if warranted by the expanded record. (R. at 738–39.) After a new hearing, the ALJ found that Plaintiff suffered from the severe impairments of gastrointestinal disorder, irritable bowel syndrome, and osteoarthritis, as well as the non-severe impairment of adjustment disorder. (R. at 584.) The ALJ did, however, find that a number of jobs existed which

Plaintiff could perform. (R. at 588.) Therefore, the ALJ found him to be not disabled prior to January 12, 2016, and denied him benefits for that period. (R. at 588–89.) Plaintiff turned fifty on January 12, 2016, and considering his age, education, work experience, and RFC, he was determined to be disabled as of that date. (R. at 588.) This decision became final when the Appeals Council denied Plaintiff's request for review. (R. at 688.)

**B. Standard of Review**

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971).

**C. Disability Standard**

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

**D. Analysis**

Plaintiff claims that the ALJ committed two reversible errors: (1) the ALJ improperly evaluated the opinion of treating physician Dr. Cherenfant. (Pl.'s Br. At 7.); and (2) the ALJ erred in evaluating Plaintiff's residual functional capacity ("RFC"). (Pl.'s Br. At 13.) These complaints will be addressed in order.

**(1) Treating Physician**

First, Plaintiff takes issue with the ALJ's treatment of the medical opinion of Dr. Jovenel Cherenfant, M.D. (Pl.'s Br. At 7.) Dr. Cherenfant treated Plaintiff for over a year and a half before completing a Bowel Disorder medical Source Statement in January 2014. (R. at 559.) Dr. Cherenfant listed Plaintiff's diagnoses as diffuse colonic diverticulitis and irritable bowel syndrome. (R. at 559.) Dr. Cherenfant stated that although Plaintiff's symptoms improved after his total colectomy, diarrhea remained an issue. (R. at 560.) Dr. Cherenfant also stated that Plaintiff had no psychological conditions that affected his physical condition. (R. at 560.)

As for functional limitations, Dr. Cherenfant opined that Plaintiff could only sit for two hours at a time and stand for one hour at a time, and that he could sit and stand for less than two hours total in an eight hour work day. (R. at 560.) Dr. Cherenfant opined that Plaintiff would need a job that allowed for the opportunity to shift from sitting to standing at will, and that he required ready access to a restroom. (R. at 560.) Dr. Cherenfant further opined that Plaintiff would need to take unpredictable, unscheduled bathroom breaks during the day, lasting for

fifteen to thirty minutes at a time. (R. at 561.) Dr. Cherenfant noted that Plaintiff's symptoms were "uncontrollable and unpredictable." (R. at 561.) Dr. Cherenfant also found that Plaintiff could occasionally lift fifty pounds. (R. at 561.) Finally, Dr. Cherenfant opined that Plaintiff would be off task for 25% of the day or more, that he was incapable of even "low stress" work, and that he would be absent more than four days per month. (R. at 561–62.)

The ALJ gave Dr. Cherenfant's opinion little weight. (R. at 586.) The ALJ found his opinion to be internally inconsistent, noting that the opinion that Plaintiff could occasionally lift fifty pounds (consistent with a heavy exertional level) was inconsistent with the opinion that he could not sit or stand for more than two hours. (R. at 586.) The ALJ also noted that Dr. Cherenfant opined that Plaintiff could not handle even "low stress" work, but that he suffered from no psychological conditions that affected his physical condition. (R. at 586.) Finally, the ALJ found that Dr. Cherenfant's opinion was unsupported by the record, as Dr. Cherenfant opined that Plaintiff would miss more than four days per month, yet the medical evidence indicated that Plaintiff consistently goes multiple months without seeking treatment. (R. at 586.)

"A treating doctor's opinion receives controlling weight if it is 'well-supported' and 'not inconsistent with the other substantial evidence' in the record." *Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011) (quoting 20 C.F.R. § 404.1527(d)(2)). If the ALJ does not give the treating opinion controlling weight, he must offer "good reasons" for discounting the opinion. *Martinez v. Astrue*, 630 F.3d 693, 698 (7th Cir. 2011); *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010). Furthermore, if the ALJ gives the treating opinion less than controlling weight, he must consider various factors as listed in the regulations to determine what weight to give the opinion. *Elder v. Astrue*, 529 F.3d 408, 415 (7th Cir. 2008). The factors the ALJ must consider include: (1) examining relationship; (2) treatment relationship – including the length of treatment and the

4

frequency of examination, along with the nature and extent of the treatment relationship; (3) supportability; (4) consistency; (5) specialization; and (6) other factors. 20 C.F.R. § 404.1527(c)(1)–(6).

The ALJ failed to discuss the relevant factors in 20 C.F.R. § 404.1527(c). Although the ALJ discussed the inconsistency and supportability of the opinion, he failed to discuss the rest of the factors. The majority of the factors favor giving Dr. Cherenfant's opinion more weight. Specifically, the ALJ failed to discuss the Dr. Cherenfant's specialization, the nature and extent of the treating relationship, and the consistency of the opinion. First, Dr. Cherenfant was a specialist in bowel disorders and was the surgeon for Plaintiff's "total abdominal colectomy, ileorectal anastomosis." (R. at 275.) Dr. Cherenfant then saw Plaintiff regularly for over a year and a half before completing the medical source statement. (R. at 560.) Dr. Cherenfant not only performed Plaintiff's surgery, but also reviewed abdominal CT scans, colonoscopy findings, and completed his own examinations. (R. at 559–60.)

Next, Dr. Cherenfant's opinion was consistent with Plaintiff's treatment notes. Plaintiff reported having eight to twelve loose/mushy bowel movements daily in July 2012. (R. at 288.) Plaintiff continued to complain of abdominal pain and six to seven bowel movements a day, along with cramping after eating in September of 2012. (R. at 433, 437.) By June 2013, Dr. Cherenfant noted that Plaintiff was progressing slowly after his colectomy. (R. at 531.) One year after surgery, Plaintiff was still experiencing diarrhea and was still having five to six bowel movements daily. (R. at 497.) He stated that he had three to five bowel movements on good days, but more than five on bad days. (R. at 497.) In February 2014, Plaintiff reported having up to ten bowel movements a day, and that they were usually watery. (R. at 567.) The ALJ failed to evaluate multiple factors, several of which would favor giving Dr. Cherenfant's opinion greater

5

weight. "Since the ALJ does not indicate that he evaluated these factors, the Court is unable to assess whether the ALJ properly assigned minimal weight to the treating physicians' opinions. Accordingly, a remand is necessary … ." *Barbarigos v. Berryhill*, 2019 U.S. Dist. LEXIS 1314, at *37 (N.D. Ill. January 4, 2019), *Campbell,* 627 F.3d at 308.

The ALJ noted three inconsistencies in Dr. Cherenfant's opinion: that he opined Plaintiff could occasionally lift fifty pounds, but that he could not stand or sit for more than two hours; that he opined that Plaintiff could not handle even low stress work despite having no psychological conditions that affected his physical condition; and that he opined Plaintiff would miss more than four days per month despite receiving medical treatments less frequently. (R. at 586.) Plaintiff argues that the ALJ failed to discuss the consistencies in Dr. Cherenfant's opinion, and that the inconsistencies noted by the ALJ were not, in fact, inconsistencies.

First, Plaintiff takes issue with the ALJ's assertion that Dr. Cherenfant's opinion is inconsistent by opining that Plaintiff could occasionally lift fifty pounds but could not sit or stand for more than two hours in an eight hour day. Plaintiff testified that his difficulties with sitting or standing too long are due to his stomach pain and nausea. (R. at 17.) Claimant had to get up and walk around during the first hearing due to the pain while sitting for the hearing. (R. at 17.) It may seem illogical for Plaintiff to be able to lift fifty pounds occasionally (defined in the medical source statement as anywhere from 6% to 33% of an eight hour work day) while still being unable to sit or stand for more than two hours in an eight hour work day. However, Claimant's testimony explains the discrepancy. Plaintiff's sitting and standing limitations are due to stomach pain and nausea, not musculoskeletal pain. (R. at 17.) Dr. Cherenfant explained that Plaintiff's condition would allow for good and bad days, as well as good and bad moments within a day, as his disease is unpredictable. (R. at 560–62.) It is possible that Claimant would be

6

capable of lifting 50 lbs for 6% of the day (still falling under occasional) yet have stomach pain that required him to lie down after four hours of combined sitting and standing. Six percent of the day correlates to under 30 minutes of lifting, which is not inconsistent with Plaintiff's sit/stand hours. Moreover, Plaintiff himself testified that he could lift between twenty and fifty pounds despite also testifying that he could only sit or stand for fifteen minutes at a time. (R. at 18–19.) The ALJ seems to conflate two limitations, and this is not good reason to discount the doctor's opinion. These limitations are separate and do not, without further explanation, automatically contradict each other. The ALJ's failure to adequately analyze the alleged discrepancy in Dr. Cherenfant's opinion necessitates remand, as the ALJ has failed to "build an accurate and logical bridge from the evidence to his conclusion." *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

Second, the ALJ found that Dr. Cherenfant's opinion was inconsistent because he opined that Plaintiff could not tolerate even low stress work, but that Plaintiff suffered from no psychological conditions that affected his physical condition. However, Plaintiff did not get diagnosed with depression until a month after Dr. Cherenfant submitted his opinion. (R. at 887.) Therefore, Dr. Cherenfant's finding that Plaintiff did not suffer from any psychological conditions was consistent with the medical record at the time. It is also not inconsistent with Dr. Cherenfant's opinion that Plaintiff could not handle even a low stress job. One question refers to whether Plaintiff suffered from a diagnosed condition that affected his physical condition, which Dr. Cherenfant answered based on the medical record at the time. (R. at 560.) The other question asks Dr. Cherenfant to give his personal opinion on how much stress Plaintiff could handle at work. (R. at 561.) The ALJ incorrectly found that these two answers are inconsistent with each other.

Finally, Plaintiff takes issue with the ALJ's finding that Dr. Cherenfant's opinion was inconsistent in opining that Plaintiff would miss more than four days a month when he received less than four days of medical treatments in a month. However, the ALJ failed to discuss or otherwise analyze how missing more than four days of work was inconsistent with any frequency or lack of frequency of medical treatment. There is no evidence that Plaintiff would only miss work in order to receive medical treatment. In fact, Plaintiff reported pain and frequent bowel movements, and Dr. Cherenfant opined that Plaintiff may require two to three days of rest after a bad day. (R. at 561–62.) Dr. Cherenfant did not opine that Plaintiff would miss more than four days per month in order to receive medical treatment. The ALJ has failed to explain how these findings and opinions are inconsistent. The ALJ has erred in evaluating Dr. Cherenfant's opinion, and such an error requires remand.

**(2) RFC Determination**

Plaintiff contends that the ALJ failed to properly evaluate Plaintiff's RFC, specifically with regards to his need for frequent, unscheduled bathroom breaks. Plaintiff takes particular issue with the fact that the VE found that even one random, fifteen-minute, unscheduled break would preclude all employment. (R. at 630.) Yet, the ALJ failed to discuss unscheduled breaks in the RFC determination, and he did not include a need for breaks in the RFC. (R. at 584.)

The ALJ acknowledged both that Plaintiff needed to wear adult undergarments, and that even with undergarments, he would need to go to the bathroom to change the undergarment. (R. at 584, 630.) Plaintiff testified that although his undergarments would protect him from embarrassment, it would not change the fact that he would need to take frequent bathroom breaks to clean himself up, and that each bathroom break would require fifteen minutes. (R. at 634–36.)

The ALJ accepted this testimony. (R. at 636.) However, the ALJ failed to include any discussion of Plaintiff's need for bathroom breaks in the RFC determination, either to discredit Plaintiff's allegations or in support of them. The ALJ may choose not to analyze or discuss a VE's answer to hypotheticals based on limitations that the ALJ rejected. *Latkowski v. Barnhart*, 93 Fed. Appx. 963, 974 (7th Cir. 2004). However, the ALJ is still required to discuss the limitations in the RFC determination and properly reject the limitations. *Jamison v. Astrue*, 2010 U.S. Dist. LEXIS 5767 at *19–20 (N.D. In. January 25, 2010). There is nothing in the ALJ's decision to explain the discrepancy between the evidence of Plaintiff's need for unscheduled bathroom breaks and the ALJ's decision not to include a limitation for such a need. This is an error necessitating remand. *Id.*

Although the Commissioner argues that it is reasonable to assume that the VE understood Plaintiff's need for bathroom breaks, as the VE heard Plaintiff's testimony, it is illogical to assume that the VE encompassed those limitations when they were not explicitly included in the ALJ's hypotheticals. The VE testified that even one unscheduled fifteen minute break would preclude all work. (R. at 630.) The ALJ only included the need to be close in proximity to a bathroom in his hypothetical. (R. at 623.) There is a logical disconnect between needing to be close in proximity to a bathroom but not being allowed even a single unscheduled fifteen minute break to use the bathroom. The ALJ has failed to build a logical bridge connecting the need to be close to a bathroom but not being allowed to use it as needed throughout the day.

### (3) Subjective Allegations

In his decision, the ALJ found that Plaintiff's subjective complaints were "not fully supported." (R. at 587.) Plaintiff argues that this is a new standard that does not comply with the

standard in 20 C.F.R. § 416.929(a) which requires that the ALJ determine whether subjective allegations "can reasonably be accepted as consistent with the objective medical evidence and other evidence." While the ALJ's boilerplate language does not match the statutory standard, an ALJ's evaluation of subjective symptoms will be upheld unless it is patently wrong. *Shideler v. Astrue*, 688 F.3d 306, 310–11 (7th Cir. 2012). Moreover, under SSR 16-3p, 2016 SSR LEXIS 4, the ALJ must "evaluate whether the statements are consistent with the objective medical evidence and the other evidence." 2016 SSR LEXIS 4, 2016 WL 1119029, at *8. Therefore, the use of the language "not entirely consistent" is not, by itself, a basis for remand. *See Robert v. Berryhill*, 2:17-CV-2107, 2018 U.S. Dist. LEXIS 162365, at *7–8 (C.D. Ill. Sept. 24, 2018); *see also Parker v. Astrue*, 597 F.3d 920 (7th Cir. 2010).

Plaintiff further argues that the ALJ has failed to explain how symptoms he has rejected are inconsistent with the medical evidence in violation of SSR 16-3p, 2016 SSR LEXIS4. SSR 16-3p requires the ALJ to "explain which of an individual's symptoms we found consistent or inconsistent with the evidence in his or her record and how our evaluation of the individual's symptoms led to our conclusions." The ALJ's short paragraph finding Plaintiff's subjective complaints "not fully supported" was "meaningless boilerplate" without more of an explanation for the alleged inconsistencies between Plaintiff's complaints and the medical evidence. *Stark v. Colvin*, 813 F.3d 684, 688 (7th Cir. 2016). The ALJ must give specific reasons "supported by the record evidence and must be 'sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.'" *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539–40 (7th Cir. 2001).

The ALJ's reasoning for finding Plaintiff's subjective allegations inconsistent with the medical evidence is unclear. The ALJ lists Plaintiff's medical history and discusses the opinion

evidence. (R. at 585–87.) He then finds that Plaintiff's symptoms "are not fully supported for the reasons explained in this decision." (R. at 587.) However, nothing was explained in the decision. "Merely reciting the medical evidence in close proximity to conclusions does not create an accurate and logical connection between evidence and conclusions." *Hinton v. Colvin*, 2013 U.S. Dist. LEXIS 81699, at *21 (N.D. Ill. June 11, 2013) (citing *Parker v. Astrue*, 597 F.3d 930, 933 (7th Cir. 2010). The ALJ's decision failed to explain the ALJ's reasoning for finding Plaintiff's subjective allegations inconsistent with the medical record. The Court is unable "to understand the weight given to [Plaintiff's] statements or the reasons for that consideration as required by [SSR 16-3p, 2016 SSR LEXIS 4]." *Brindisi v. Barnhart*, 315 F.3d 783, 788 (7th Cir. 2003). This error requires remand.

**E. Conclusion**

The ALJ erred in weighing the treating physician's opinion, in making the RFC determination, and in weighing Plaintiff's subjective allegations. For these reasons, the Court remands the ALJ's decision.

SO ORDERED on March 27, 2019.

    s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE